UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TERRY LEE BODDEN, AKA TERRY LEE BODDE,

                *Plaintiff*,

– against –

QUEENS COUNTY STATE SUPREME COURT CRIMINAL DIVISION JUSTICE GIA L. MORRIS,

                *Defendant*.

**MEMORANDUM & ORDER**
25-cv-05145 (NCM)(VMS)

---

**NATASHA C. MERLE**, United States District Judge:

      Pro se plaintiff Terry Lee Bodden brings this action under 42 U.S.C. § 1983 alleging defendant Queens County Supreme Court Criminal Division Justice, Gia L. Morris, violated his rights under the Sixth Amendment right to a speedy trial. Specifically, plaintiff alleges that Judge Morris granted multiple adjournments in his then-pending criminal proceedings while he was detained at Rikers Island jail. *See generally* Compl., ECF No. 1. Plaintiff's application to proceed in forma pauperis ("IFP") is granted. ECF No. 2. For the reasons discussed below, the complaint is hereby dismissed.

## BACKGROUND

      Plaintiff alleges he was arrested on or around February 17, 2024, at a train station in Queens County, New York. Compl. 7.[1] Plaintiff states he was charged with attempted sexual assault and pled not guilty. His request to be released on his own recognizance was

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

denied, Compl. 7, and he has been detained at Rikers Island jail[2] awaiting trial since his arrest, Compl. 8. Defendant, Judge Morris, presides over plaintiff's criminal case and adjourned proceedings multiple times. Compl. 4. This, plaintiff alleges, resulted in his continued detention, under harsh conditions, in violation of his right to speedy trial under the Sixth Amendment to the U.S. Constitution. Plaintiff seeks damages and "ask[s] for a judicial intervention." Compl. 4.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[3] Although all factual allegations contained in the complaint are assumed to be true, this rule does not apply "to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678.

Where a plaintiff is proceeding pro se, the Court "construe[s] [the plaintiff's] submissions liberally, as raising the strongest arguments they suggest." *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024); *see also Erickson v. Pardus*, 551 U.S. 89,

---

[2] According to the records of the New York City Department of Corrections, plaintiff was released on October 17, 2025. *See* https://perma.cc/LV9N-K5BG. Using publicly available databases, the Court is unable to find any criminal charges currently pending against plaintiff or identify his current location. Plaintiff is required to advise the Clerk of the Court of any change of address.

[3] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2

94 (2007) (explaining that non-attorney pro se litigants are not expected to meet the standards for "formal pleadings drafted by lawyers"). If it is possible that "a valid claim might be stated," the Court should give the pro se plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Where amendment would be "futile," leave to amend the complaint should be denied. *Id.*

Under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This screening requirement also applies to IFP filings. 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Judges have absolute immunity from suits and damages arising out of judicial acts performed in their judicial capacities. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. Nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13. This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12. In the instant matter, plaintiff claims defendant, a judge presiding over plaintiff's criminal case, abused her discretion by permitting multiple

3

adjournments. Compl. 7. Thus, plaintiff does not allege that any injury caused by Judge Morris was not "judicial in nature and an integral part of the judicial process." *Kane v. New York*, No. 22-cv-03174, 2024 WL 50969, at *3 (E.D.N.Y. Jan. 4, 2024). Accordingly, the claim against the defendant fails.

Additionally, to the extent that plaintiff is currently facing criminal prosecution in state court, the claim must also fail. Federal courts must abstain from enjoining ongoing state court criminal proceedings absent specific, narrowly defined circumstances. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971). Special circumstances under *Younger* include bad faith, harassment, and irreparable injury that is both serious and immediate. *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113–14 (2d Cir. 2003); *see also Griggs v. Crim. Ct. of City of N.Y.*, No. 21-cv-1899, 2021 WL 1535056, at *5 (S.D.N.Y. Apr. 19, 2021). Plaintiff does not argue that any of the *Younger* exceptions apply. Thus, without a showing of extraordinary circumstances, the Court must abstain from interfering in his state court criminal proceedings.

*    *    *

Pro se litigants should be liberally granted leave to replead. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). The Court should allow a pro se plaintiff leave to amend its pleading "at least once" so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated" if "reframe[d]." *Cuoco,* 222 F.3d at 112. However, where the grounds for dismissal are "substantive" such that "better pleading will not cure" them, the Court should not grant leave to amend because amendment would be "futile." *Id.* Because the claim against the defendant is barred by judicial immunity, and the defects in plaintiff's complaint are substantive and would not

be cured by a better pleading, granting leave to amend would be futile. *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020)(citing *Cuoco*, 222 F.3d at 112).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and because the defendant is immune from suit.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is directed to enter judgment, close this case and to mail a copy of this Memorandum and Order and the Judgment to the plaintiff at the addresses he provided to the Court.

**SO ORDERED**.

                                                                                */s/ Natasha C. Merle*
                                                                                NATASHA C. MERLE
                                                                                United States District Judge

Dated:        January 27, 2026
                 Brooklyn, New York